42  203
87  666

THE STATE OF MISSOURI to use of ST. LOUIS TOILET SUPPLY COMPANY, Appellant, v. L. G. SCOTT, Assignee, etc., *et al.*, Respondents.

### St. Louis Court of Appeals, November 11, 1890.

**Assignments: RIGHT OF ACTION ON ASSIGNEE'S BOND.** A recovery can only be had on the bond of an assignee for the benefit of creditors for the non-performance of an obligation, enjoined' by the statute governing the administration of voluntary assignments; but compliance with an order of court for the delivery to the vendee of property, sold by the assignee pursuant to the directions of the court, is such an obligation, and an action by the vendee on the assignee's bond lies for non-compliance with such order.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*W. B. Thompson*, for appellant.

*J. R. Myers*, for respondents.

BIGGS, J.—The St. Louis Merchants' Towel Company, a Missouri corporation, executed and delivered a general deed of assignment under the statute for the benefit of all its creditors. The defendant Scott was named as assignee. He duly qualified as such assignee, and his codefendants are the sureties on his bond. This action is on the bond. The cause of action attempted to be stated in the petition is in substance as follows: That the relator purchased certain personal property from Scott as assignee; that the sale was made under an order of the circuit court having jurisdiction of the assignment; that the assignee failed to deliver to the relator all the property; that the relator, in payment of the goods purchased, executed and delivered to Scott,

as assignee, its negotiable promissory note; that soon thereafter the relator notified Scott that he had failed to deliver all of the property, and demanded that he turn over the remainder to the relator; that afterwards Scott fraudulently and wrongfully transferred the note, to the Southern Hotel Company; that the hotel company sued the relator on the note, and upon the trial it appeared that the hotel company had purchased it before maturity, for value, without any notice that Scott had failed to comply with his contract of sale, whereupon the defense made by the relator was disallowed, and a judgment rendered against it for the full amount of the note, and that the relator was compelled to, and did, pay and satisfy said judgment. Wherefore the relator claimed that there was a breach of Scott's bond as assignee, and that an action had accrued thereon in relator's favor for the value of the goods which Scott had failed to deliver.

The assignee and the sureties filed separate demurrers. The grounds were that the petition failed to state a cause of action, either against Scott, as assignee, or against his codefendants, as sureties. The court sustained the demurrers, and, the relator refusing to amend its pleading, a final judgment was entered on the demurrers in favor of the defendants. The relator has appealed the case.

The condition of the bond sued on is "that if the above-bounden assignee shall in all things discharge his duties as assignee, and faithfully execute the trust confided to him, the obligation shall be void, otherwise to remain in full force." The essence of the complaint is predicated on the fraud or deceit of the assignee in respect of his dealings with the assigned property. The theory of the trial court was that the relator was not one of the original beneficiaries in the trust confided to the assignee, and that, consequently, the assignee, *virtute officii*, owed it no duty. If the trial court was right in this, of which we have no doubt, the conclusion

necessarily must be that a suit on the bond cannot be maintained.

An assignee, under the statute, is the trustee of a naked trust, and the obligations resting on him by virtue of his office are to the creditors of the assignor and to the assignor himself. The duties of an assignee, like those of an administrator, are fixed by statute. He is not an agent, because there is back of him no principal. The assigned property goes to him to be sold and distributed according to law, and the order of the circuit court where the assignment is pending. To secure the beneficiaries in the faithful discharge by the assignee of the duties thus imposed, a bond is required. It is quite evident, and must be admitted, that the relator was not a creditor of the assignor; it had no interest in the estate, except such as it acquired by reason of its dealings with the assignee, and, therefore, Scott, by virtue of his office, owed it no duty whatever. This would certainly deprive the relator of any cause of action on the bond, either against the assignee alone, or against him and his sureties. *Richardson v. Palmer*, 24 Mo. App. 480 ; *Nofsinger v. Hartnett*, 84 Mo. 549.

There is, however, a statement in the petition that the relator had made an application to the circuit court, where the assignment was pending, for an order of delivery upon the assignee for the balance of the property purchased, but it fails to state what became of such application. Had the petition further stated that the court made the order prayed for, and the assignee had disobeyed it, we are of the opinion that an action on the bond would lie. The condition of the bond is that the assignee shall in all things discharge his duties as such, and faithfully execute the trust confided to him, etc. The statute provides, Revised Statutes, 1879, section 386, that all sales of the assigned property, whether real or personal, are to be made under the order of the circuit court, where the assignment is pending, and it is within the reasonable intendment of the various

provisions of the law on the subject that, if the assignee failed to carry out any of the provisions of the sale so ordered, he may be compelled to do so by order of the court. If he fails to comply with such order, then he has not faithfully executed the trust confided to him, because he has disobeyed a lawful order of the court. If such were the facts in the case at bar, we think that the relator, who would be the party injured, would have a right of action on the bond, based upon the order of court, and the failure of the assignee to obey it. But the petition makes no such case. We will, therefore, affirm the judgment. All the judges concur.